Thank you and good morning. I represent the appellant James Vito, Superintendent of the Fresno County Office of Education. This is a lawsuit brought by an individual. It is not a class action, which is a significant distinction, alleging that he was discriminated against in violation of the Equal Protection Act of 1963. It's critically important to note that the EPA Act prohibits discrimination on account of sex. So let me ask you, and this is a policy for us, this is a 1292 certification. Yes. What issue was, what's it for us today? The judge certifies an issue and the issue is whether or not, if it is the only factor, under our case law, prior salary is a factor other than sex. It's not just answering that legal question or determining whether or not the judge properly denies or rejects a non-discrimination. I think you're answering both. The initial question recognized by the district court judge is that he might be mistaken on privacy. Let me tell you why I'm going to place this question. Let's assume that we agree with you that higher salary can be a factor other than sex, even if it's a discrimination. The employer saw us to show that it's a good thing, that there's legitimate business reasons, and the other side is allowed to show that those reasons are a protection. As I read this record, the district judge never got to those questions because the judge said, this is not a factor other than sex. Therefore, I don't have to look in the judiciary for a legitimate reason, he said, in pretense to agree with me. He said it happens on notice, but the judge never got to those. The district judge said that if his interpretation of the law was incorrect, or accurately, ours was proper, that he would likely need to grant... Right, but he didn't. He didn't say, he said, I might, you know, I'm afraid what he said, he said, look, if my interpretation is wrong, he might win. He said he might win. But he didn't really make those determinations. On the record, there was no dispute as to those issues. No, that's not true. Because as I read this record, as Rizzo says, it's not really what you do. I had a comparator here who negotiated a higher salary, and he was a man, and I have statistical evidence that shows something. I don't want to evaluate the evidence, because the district judge said neither. But I guess my question is, let's assume we agree with you that this case is covered by our president, and this is a factor on his face, that's on another sex, that the employee has the opportunity to show, you know, really, I thought you did a business thesis, or that it's a pretext. If that's our conclusion, don't we send it back to the district judge to evaluate your evidence on those points? Certainly, that's our conclusion. Okay. That was all I'm asking. See, truly, I'm just trying to figure out what we're doing. Absolutely. The reason I think Judge Singh indicated he would like the grand summary judgment. Well, I mean, this is likely a huge progress in that he may be right, but we don't have to resubstitute the agreement. We have agreement here from the plaintiff that her salary was determined based on the application of, this would be 1440. We have agreement that that policy was enacted for business reasons completely unrelated to gender. But she does make a pretext in that case. She makes a pretext in the application of two or three people, which we dispute. I mean, absolutely. But I don't want to give you that. I don't want to give you those kinds of things. I've never been to the district judge. Here, I don't dispute. You certainly have that option. And my guess is, if you sit it back with corrections, that this is an appropriate affirmative defense. And Judge Singh will then readjust his ruling on summary judgment. Now, let me ask you. So, on that issue, because I read the ruling below, the district judge says, I know about, but I'm not sure how to pronounce it. Coupa, or whatever our case was. We pronounce it Coupa. Coupa. Okay, well, I want to show you the centralization, since none of us knows this very well. Under Coupa, the district judge said, if higher salary is one of many factors, then it's a factor other than sex. But if it's the only factor, then it's not a factor other than sex. I don't agree. That's what Coupa says. No, I don't think that's what Coupa says. I don't know what Coupa says either. I'm asking you, is that what the district judge said? Yes, that is what the district judge says. So tell me why that's wrong. Well, because Coupa expressly said that there is no prohibition under the EPA. The EPA act does not impose a strict prohibition against the use of prior salary. That's the exact quote. And in Coupa, the court had to understate the saying, you can use prior salary as the only factor. Is it? You can argue, which is what you said, you can't use it as the only factor. You can argue that point, but the EPA. Oh, so Coupa is not as good as it could be as it could be. If they had that specific issue of use, it could be clear. I think the implications from Coupa, which says, which does not require multiple reasons, the EPA language specifically says any factor which is singular other than sex. The EPA has never amended that sex is required to. There is no 9th Circuit precedent, district or otherwise, which says the EPA requires two factors. So it's Coupa. I want to ask you about two factors for a second. In Coupa, as I understand it, was prior salary the only factor in the issue. In other words, nobody was saying the other factors are sex-based factors. That was really the only factor addressed by the appellate court because the district court focused on the prior wages. Because it has the potential to perpetuate discriminatory wages, isn't sufficient other factors. How do other circuits say that? Other circuits say that. Two circuits other than the 9th say no, that that's incorrect. I think the clear language from the EPA says no because it requires a single factor. Now, keep in mind, this has been the law since 1963. If prior salary is what causes a pay differential, what's the difference? How are you saying it? Well, we don't know that prior salary causes a pay differential in this case at all. Keep in mind. Well, sure you do. It's based on prior salary. But that doesn't necessarily explain, well, that could explain a pay differential, but that doesn't mean it's a discriminatory. No, no, I understand. But you said we don't know the prior salary determined today in this case at all. It's the only factor that determined today, is it? Yes. Yes. Yes. And what is misleading is, and where the district court, I think, erred clearly, is this has the potential to promote discriminatory pay policies. Keep in mind, it's not a class action. We're looking at the policy from Fresno County Office of Education. It has not resulted in employment. There, I think, is at least the potential of some disputed units because you're quoting us as being conservative in economic data. I'm not sure that makes the district judge wrong, let me tell you. I think that's an issue that the district judge may have to face later. The record in this case is a little bit confusing to me. Maybe you can help me. Ms. Briscoe got a $600 stipend for her education. For her master's degree. Right, for her education. Is that part of her salary? Yes. So are there more than one factor here that was in her salary? Well, the primary factor was her prior paid plus 5%. Okay, so that's the question I'm asking. Technically, it isn't part of the posted salary. It's an add-on. So is it a one-time add-on or forever? Forever. She gets the benefit of that advance. Well, why isn't this exactly like COVID? There's two factors that go into her salary. One is her prior education, and the other one is her master's degree, or her prior salary. I don't think it really goes to her salary, but if you wanted to offer that as a second factor. Well, I'm not offering any. I'm just trying to figure out what that is. That's the board's independent decision. It's not on account of seats. You see, what's devoid from this record is either he's put a chart himself or another factor. I'm sorry, what? A chart himself, which they have these stamps and rubles. That's another factor, too, that's been assigned to this document. That's simply the component of SOP 1440. That wasn't based on anything you had to put together, and that applies to everyone. All these policies apply to everybody. It's applied to thousands of people. It's applied to the superintendent. The superintendent came in at day step one when nine administrators in his department come in after him, came in higher. It's applied to the superintendent's team, and it is so clearly neutral in gender. That's why the board said, I believe, it likely grants everybody. But I'm still trying to get back to this fact that the court's distinction of KUPA, right or wrong, was that there were a lot of factors involved there, even though the prior salary was input and taxed, and in this case there's only one. My problem is when I look at our salary, it's really set on two factors. It's prior education and an additional factor, and prior salary. So why is this? Why do we have to decide these that the district court decided? Why don't we just say this is exactly like KUPA's? I believe we could. I argue without success that that was the position at the district court. The judge disagreed with me. Respectfully, that's why we're here. And there are objective factors. There was never any evidence that the business reasons for adopting this policy. No, no, I see now you're wandering over into the part I said we don't need to get to. In other words, if this is a factor other than sex on its face, then the judge has to then say, okay, I still have to look and see if you have legitimate business reasons, and I still have to give the other side a chance to show reasons. And the judge here, I think, said, I'm probably going to try to give you a fair framework on this, but I don't even need to get there because this isn't a factor other than sex, and, therefore, I stopped the analysis there. So if we tell them it was wrong, and it's all very KUPA, and they go about the rest of this business, you can make your arguments. If there's a paper argument that says, that's my sense of what the point of the record is, the other judges may disagree. But I don't think we have a ruling to look at it on whether your reasons are legitimate or whether there was a rejection. What we have to keep a look at is that this salary scale is not a factor other than sex. Okay. Actually, it wasn't a question. I'm not sure. So you have some time. Thank you very much. Good morning. Good morning. My name is Dan Siegel, Counsel for Mr. Rizzo. We think that all the court needs to do today is to affirm that the district judge properly was wrong. So your position is that paying people on the basis of prior salary is a sex factor? Because if it's not a factor other than sex, then it must be a factor based on sex. That's right. It's a variation of the market rate theory, which the Supreme Court in Corning pointed to as the basis for the act of equal pay. And you can prove that in its pretext, or that it's not based on what you're doing. There's reasons. But isn't it basically a factor other than gender? I hate to say sex. I know the statute says sex, but sex seems very new. Gender is new. But I think it is racially a reason other than sex, which is basically. And this is what COPA says. Is that what COPA says? COPA says it's a non-prohibited reason. You may pay people on the basis of prior salary. The plaintiff can show that it's a textual reason, that it's a legitimate business reason. But to say that it is a reason based on gender, and therefore you're even at the burden of showing non-legitimacy, strikes me as a difficult position. I don't disagree that the defendant has, to use his own word, which is, of course, not the right standard, that its criteria for setting salary is a facially neutral reason. It's a reason other than sex. Let me see. Didn't the judge say, okay, these proffered are facially neutral reasons. It's a reason other than sex. Now, I have to determine whether a legitimate business reason is forbidden in this case. I have to determine whether or not it's pretextual. The judge didn't do that. The judge says, this is a sex reason. This is a gender reason, because it's just a way of perpetuating prior discrimination. And COPA approves COPA in the sense of a non-judgmental reason. Now, in this case, the defendant comes to the court in a different posture than these cases typically come to the court. Here, the court denied certain judgment from the defendant based on a legal conclusion. And this, and setting salary on the basis of prior salary, whether or not it was solely as a separation of people, setting it solely on the basis of prior salary was not a factor of the misuse, correct? That's correct. Okay. And you agree on its face that it's not a sex reason? I agree on its face that it's not a sex reason. Don't you have to prove in some way that it really is based on sex? Otherwise, what the judge is saying is, you went and you showed a part of a facial piece of discrimination. Nobody doubts that. And the discrimination is not based on the fact or other than sex. Don't you agree? You don't have to do anything more. Right. Well, now that we've agreed, but I don't think it's that easy. What is your interpretation of the law? Tell me why this case is no more appropriate. We established the removation case. Yes. They come in and they have a defense which they must plead and prove. Right. And that defense is that this is based on a factor other than sex. But you have to prove more than that. I think that's maybe we haven't gotten to that point. No, we haven't gotten to that point, but their defense is this is a factor other than sex, and they also must prove it's a legitimate business reason. Exactly. Okay. And the judge says, I don't care what reason this is for. This is not a factor other than sex. School district, your defense doesn't work. Well, not the defense that they made in this case, because they simply, as they say, and they've reused over and over again, that they met their burden simply by proffering a nondiscrimination. They may say that, but that's not with the judge. The judge ruled it's a matter of law, and the judge was very straightforward as to the way I rate COPA. This is only a factor other than sex when it's one of several factors. When it's the only factor, it's not a factor other than sex. If the judge was wrong about that, the judge was wrong, then the judge has to recalibrate what happened to sex. So tell me why COPA doesn't control this case. I believe that COPA does control this case, and the judge in ruling on the defendant's motion for summary judgment, and this is the way I interpret his ruling, simply said that by proffering a sex neutral reason, you have not met your burden. The judge didn't evaluate the evidence or anything else. The judge said, it's quite clear, the judge said you haven't proffered a reason other than sex on its face because prior salary-based discriminations were the only factor perpetuate gender discrimination and therefore cannot be a factor other than sex. This is a matter of law. That's what the judge said. Really, to me, that's what the judge said. And so as long as it's a matter of law, it's a factor. If you try it as a matter of law, you say we have to certify a claim, we have to use that sex. Once again, tell me why as a matter of law, not as a matter of fact, using prior salary to say current salary is not a factor other than sex is a gender factor. Because it's not justified by an acceptable business reason. No, no, seriously, you're still moving on. I'm sorry. That's not what the judge said. The judge said this doesn't work. You have to cite a factor other than sex. You cited the factor of prior salary. That is not a factor other than sex. And therefore, therefore, that's not a good defense. I'm going to deny your motion for summary judgment. I don't have to get to evaluating your proffer, and whether or not you have enough evidence to dispute the proffer so we get to your summary judgment. So maybe I'm wrong in bringing the court's decision that way. I think he's right because I've done that. I'm not sure I agree with the same thing. I don't think we're too far apart. But the problem I have with Judge Sagan's decision is that he may have said something like that in the early part of the decision. And I think that's maybe the basis of why he didn't deny the defense motion in summary judgment. But later on, you know, he does make the statement indicating that he's not through with his analysis. So I think we should have a grant to go into the certification if he's not finished his job. He says this on page 14. He says he's paying it to DR-63. And this is the way he's going to do it. I reckon that Cuba was not called upon to not rule on the question whether it's only deferential. They saw their priorities would violate GPA even if motivated by the legitimate non-discriminatory indiscretion. So he never got to the second part of that question, did he? He did not because he raised his decision. Yes, he did. He raised Cuba as a salary differential alone is a differential based on citizenry. And that's the way he raised Cuba. And the question we have to decide whether that's the right way to do it. Well, then I wish he'd have accepted the certification. That's a good story. I think you're in that situation. But where I'm disputing is I think that the judge was a little bit more nuanced in his reading of Cuba than you're giving him credit for because he points out that in Cuba, as well as in Maxwell, the story has said that using prior salary poses a risk, poses a risk of perpetuating. And no doubt that it does, but it doesn't. What all that means, I think, and Cuba's quite clear on this, is that now we're standing on it. This is a factor of M6. It's the fighter for disciplinarity. If you can go back and show that it really is disciplinary, then it's a good statement. It's a mask for something else. It's no legitimate business reason. But if it's not a factor of M6, we stop there. We have a pay differential based on a pay differential. This may have been a part of a fishing case. If this is not a factor of M6, then there are whole defensive problems, they don't doubt. They don't dispute that she's making less than a man. It's not a whole defensive problem. They can put forth legitimate business reasons to support it again. They have to, and they have to do that consistent with the legislative history. They haven't had that opportunity yet. That's right. This is not a factor of M6. You say this is not a factor of M6. So, pay differential. Their defenses know it's based on a factor of M6. And you say, oh, no, prior salary cannot be a factor of M6. That's what you said, because prior salaries, prior salary, pay differential, pay discrimination, it cannot be a factor of M6. Then what's left of this case? I would love to put it on that basis, but I have a feeling that the district court would say, oh, don't give me feelings about what he wants to say. Look, the way the statute works, it's a little bit like Title VII, but it's a little bit different. You come forward with a prima facie case. Everybody agrees. If nothing else happens after the prima facie case, you win. That's correct. Okay. What happens in this case is an offending comes up that says, we can have a prima facie case, but your disdifferential is not based on 6. It's based on a factor of M6, prior salary. They have to prove that. And they have to prove that. But the judge says to the appeal, I'm not going to give you an opportunity to prove that, because that's not a factor of M6. That's a 6-based factor. That's the way I read CUPA. And, therefore, if the judge is right, this case is open. Correct? No matter how many justifications they have for using it, because the judge has said it's not a factor of M6. Again, I need to look at getting your thoughts on this. Look, you're not going to get the gift. But I'm asking you, isn't that exactly what your position tells me? That's not our position. Isn't it exactly? What more must you need to prove in this case if the judge was right that this is a 6-based factor? We don't have to prove anything. Because you missed the prima facie case. I know the EEOC wants to argue the defendant has the right to make its defense. And if it made its defense on summary judgment, it would have been entitled to summary judgment. But the court found it didn't, because it simply came in and said this is a factor of M6. No, no, that seems to be fair. They proffered declarations. Here are our reasons for doing this. It helps us beat the market. There's a whole bunch of reasons, good or bad, I don't know. In fact, she was just right. The judge said, I need to get to that assessment. Because, look, the judge is saying it's as if this salary scale said we pay men X and women Y. If the salary scale said that, we'd be done, wouldn't we? We're done. Yes. Okay. The judge essentially said that. And if he's right, this case is over. And Patrick is harsh. If he's wrong, this side gets to go back and prove that this really wasn't discriminatory or legitimate for business reasons. And you can argue please X or not. I think that's where we want to be. So that's why I'm asking these questions. I've used up some of your time. So what did you find? We're going to get the EEO consult. I don't know if they asked for it, but. So I believe that implicitly, the judge doesn't believe me. Because of the posture of this case, that if we go back, that the defendant will be allowed to prove his offense. And the court's ruling is simply, you did not make an unsubstantial judgment. Okay. Thank you. All right. Thank you. Why don't you give her a minute or something? Thank you. Good morning, Your Honors. Barbara Sloan from the EEOC. This is a different posture than I expected the case to be at this point. Well, you said our decision in Coop and it's wrong, don't you? Well, no. I'm okay with the decision in Coop. Our position is that prior salary, along with other factors, is okay. Okay. So if in Coop we say prior salary, which is the only one issue in Coop, right, the least challenging of the other factors is sex-based factors. I think that prior salary. Let me finish the question. Coop has several factors, but the only one challenge is prior salary, correct? The court says you're not prohibited from using prior salary. That is a factor of six. So if we say that in Coop, why does it become a factor, or does it become a sex factor, if you will, if it's the only factor? I don't think the court said that in Coop. I agree with Tashima that the court left it open. The court did. The premise of our decision is that there are multiple factors here. I'm only looking at one, but there are multiple factors. But tell me why the conclusion in Coop, that when there are multiple factors, the other of which are not challenged, nobody says that any of the other factors are discriminatory. You can use prior salary. Why then isn't necessarily a holding that prior salary is a factor of six? I think the court was sufficiently concerned about the implications of holding that prior pay. They may be concerned, but tell me why it isn't. They make that as a holding. They didn't make that a holding, but once they say when there are other factors that are not discriminatory factors, you can use prior salary. Okay, Your Honor, I would also agree. Why doesn't it mean that you can use prior salary? They said it's a factor other than six. I think the problem is that it institutionalizes the existing pay disparity forever and ever and ever, and that will never change. I'm so sorry. No, you don't, Your Honor, because it's an open question in Coop. Coop says where there are other factors. Yeah, but I don't understand that. If the reason for the sex differential between men and women is prior salary, what's the difference if there's 100 factors or just only one? None of the other factors even matter because they don't have any effect on the problem that you're raising. Well, I think that the other important part of COOBA is that COOBA said we are misreading COOBA in the sense that COOBA said there's a very surging inquiry that has to go on, and it's the employer's burden to prove. Right, but the question is still the judge says here. The judge says here, on its face, prior salary is not a factor of the sex. So I don't need to get to what the employer has to prove. Well, Your Honor, I understand that's your position. Tell me what the judge said. I believe that's what the judge said, yes. Okay, so. And I agree there's nothing left to the case. I agree with you. There's nothing left to the case except damages if the court is correct. I want to make sure. Your opponent was a little scared to go there. No, I think that's correct. I'm sorry. You say that once an employer uses a set salary, prior salary, that's automatically discriminatory. The employer may not show the business uses for doing so. The plaintiff must not show pretext. She automatically goes to damages as long as it's right on the face of the law. Let's assume you're correct, Your Honor. What I'd like to talk about is the burden of how this thing. No, wait, wait. Because I think you're misunderstanding how the case should play out at that point. The way this works is tell me why I'm wrong and try to finish the question. Okay. Okay, so my question is. I'm not going to get it until you see it when I watch the video. I'm going to let you answer the question. That's what you're here for. This is probably a more basic case. Your employer comes in and says, We have a defense. We set this woman's salary based on her prior salary. Isn't it your position that at that point the case is over? Yes or no? The EEOC's position generally is that prior salary is standing alone. It's not a factor other than sex. However, if it were. No, no. Stop, stop. It is your position that it's not a factor other than sex, right? Oh, it's the EEOC's position. Okay, it's the EEOC's position. Therefore, it is also the EEOC's position necessarily. That's all that's left in this case is damages, correct? Yes, Your Honor, except if the court is going to go there, I think it's very important for the court to understand how and to clarify how the burdens shift because I can. But there's no burden shift in your view. But in your view, there is. And so in your view. My view is I'm asking you about your view. Your view is there's no burden shift in here. They haven't met their burden and we're done. That's correct. Okay. But that is not where we should leave it because. Well, then why would we have any necessity to go on if you would advise the opinion about shifting burdens, if you're correct? Because I think it's very important for the court to clarify the mess that has become of the EPA analysis. There are a few years left to write about this. If you're right, we would clarify it. We would say, don't worry about shifting burdens. The employer's only reason is prior salary. He leaves no burdens to be shifted. Why would we go on to have burdens that would be shifted if it were a reason other than sex? Because the way the court is analyzing it here, the way that what the defendant has to prove at this point is not free. I mean, what the plaintiff has to prove is not free text. Is not free text. Do you keep hearing me say that? And I keep waiting for an answer. Is that in front of us? I guess it is. No, it's not. Well, look, don't just give up on me. I'm trying to figure out the question. The judge says, she's either read it. I don't need to get on to all this other stuff, burden shifting, other stuff. This is not a factor of sex. Okay. Point the screen and say how it is. It is a factor other than sex. You're not done. How the judge deals with burdens at that point, whether he does so correctly and whether or not you agree with it. What does the employer have to show? The way this works is you don't get to ask me questions. I can't ask you questions. I'm sorry. You may be smarter than me, but they gave me the rope. So, you know, I love to say this is not temporary. Your answer is supposed to be phrased in the form of an answer. But I guess those are all difficult questions, perhaps, and maybe we need to go out and practice that. But do you really want us to address them in this case where the judge seems to trust you? We're interested from the perspective of this case, but how courts are analyzing those questions, that's a serious concern to us. Tell us how you think a case where somebody proffers a factor other than sex should then proceed. Well, we think if it's a factor other than sex, the employer comes in and offers it. They have to prove that the factor ended up also in a CUBA. That they have legitimate business reasons for it. And that the employer has to prove that the business reasons are reasonably explained, excuse me, that the business reasons reasonably explain the employer's use of the factor. That's not pretext. There is no third step. No, I understand. But you could, I'm guessing you had a short hand, but you said the employer says these are my reasons. It certainly looks like it's going to say no. I mean, I've got minutes. We all got together. I don't say that. You could also come in and say, I've got minutes of meeting. We all got together and said let's make up these reasons that are really our reasons. So, I don't think we disagree as to her, and I'm not sure our case is. I don't think the employer ever complained and ever has a word of proving pretext. No, nobody's saying they do. Okay. But the employer wants the employer to prove legitimate business reasons. I think you should be open to the point of the ability to say, you say they're legitimate business reasons and they're facially so, but I can show that they're not really your business reasons. Just a little bit. Let me ask you a more direct and a more practical question. Given the posture of this case is before us now in the record, what is the EOC's position of what we should do, what our role should be in this case? Well, you know, Your Honor, I hadn't really focused on the fact that it was an interlocutory appeal. What we don't want to do is continue the confusion that exists. Putting that confusion in the case law? Yeah. I mean, courts and parties don't seem to get exactly what pretext we need to present this context. It's not the same as Title VII. It's not a burden for the plaintiff to prove, but a lot of courts and parties think it is. I don't know that Your Honor disagrees with me on this. The district judge doesn't say anything to the contrary. Fair? Well, I think the defendant would disagree, but I do think the plaintiff disagrees. I just have this question. Did the district judge say anything to the contrary? I can't. I actually don't. I think, yes, he did, as a matter of fact, because that's the misunderstanding that people have, but he didn't really hold that because he stopped with factor of, he said non-factor of the tax, and go on to rule as part of a pretext. But at least in this case, do you agree that the district court never blocked to the question of if this is a burden other than tax or if the employer has carried this burden of showing this based on legitimate business reasons? Legitimate business reasons that it reasonably uses them. I know we're using that as a shorthand, but do you agree that district court never got to those issues? Definitely did not. He hasn't screwed up yet. And we haven't screwed up yet. Okay. Thank you, Your Honor. I'm going to start, but I appreciate the active involvement of the bench, so I'm happy to respond to any questions. But what I want to point out is they say that the prior earnings can be used in rewriting the EPA. EPA specifically says the differential based on any other factor other than incentives. We're taking the position that was argued, and probably didn't prevail in court, was that it's basically not a factor other than incentives because it derives from prior discrimination. And the ones that sort of have been started on the green lists and if you use their prior salary, you're perpetuating it. I'm very sympathetic to that argument. My difficulty is that I think KUPA rejected it. Well, I think KUPA did reject it, and I think the EPA, Congress, by not amending it, has rejected it. The state of California amended its equal based to express they provide that prior salary shall not by itself justify any disparity in compensation. The federal government could have done that same thing if they thought this court was wrong in KUPA or if they thought more KUPA other courts had taken that. Well, unless they read KUPA the same way. Unless they... In other words, maybe they read KUPA the same way Judith said, right? Well, except not that one. I just want to go back to the words again. KUPA says there's no doubt. KUPA says the Equal Pay Act does not impose a strict prohibition against the use of prior salary. It's in the opinion. So, they haven't ruled that out as a reasonable factor for explaining a claim. Let me ask you a different question. Judge, it's the same as suggestion number four. It was a certification of an idea here. Exactly. I don't think it was because Judge Singh not only denied the defendant any defense to the Equal Pay Act claim, he also, in my opinion, erroneously concluded that also prevented the defendant from offering any defense to the Title VII in Fair Employment and Housing Act claims, which required a specific intent in the face of a record where SOP 1440 was not there. Well, that's correct. I just want to ask you these questions. And it's just not certified to us. No, it's not. Well, if you... Actually, I know that was part of our request. If you remand, I assume you'll do it according to strategy. What if we just said, never mind, let Judge Singh, just let the judge go back, either make their mistakes, and leave the U.C.C.C., make or not make their mistakes, get a final judgment, and then we'll remand. I'm not sure what you mean by, just never mind. If you... Okay, if you withdraw the certification, you don't really have the power to say, we took over the certification order. It's what we are under. Yeah, that would then put Judge Singh in the position of, I guess, moving forward on his ruling, which would preclude the defendant from offering any defense to any of the claims. We'd have to go through a trial. It would be a waste of time. It's really just a matter of damages. And we would then be back here appealing. And Judge Singh's clue would have never made those findings that this board is asking about because he's already determined that this SOP-1440 is not a matter of evidence. Thank you. I want to thank everybody for their arguments, putting up with an active court. This is usually very interesting, and we appreciate your help. This case is submitted, and the court is adjourned.
judges: Tashima, Hurwitz, Adelman